Filed 7/24/25  Marriage of Beury & Olson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| In re the Marriage of DONALD D. BEURY and SABRINA L. OLSON. | D084717 |
| DONALD D. BEURY, | |
| Appellant, | (Super. Ct. No. D556786) |
| v. | |
| SABRINA L. OLSON, | |
| Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Christopher S. Morris, Judge.  Affirmed.

Donald D. Beury, in pro. per., for Appellant.

No appearance for Respondent.

Self-represented litigant and appellant Donald D. Beury moved the family court for an order to terminate the garnishment of his social security payments to satisfy spousal support arrears to his former spouse, Sabrina L. Olson.  He contended in his moving papers that he had paid the debt in full: "Olson filed a writ for garnishment in January 2018.  The first garnishment

was taken from Beury's social security in March 2018. The court finally ended Beury's obligation in August 2021[,] at a total obligation of $64,020. Since May 2022[,] Beury has been garnished at a rate of $250 per month. To date Beury has paid $72,750."

Following a hearing at which the parties testified, the family court denied Beury's request to set aside spousal support based on fraud or perjury, stating in its findings and order after hearing: "Court reviews records and finds the court order in which [Beury] owed $35,417 in arrearages with spousal support set at $1,000 per month and on [April 14, 2022,] spousal support was set at $0 retroactive to [September 1, 2021,] and arrears set at $250 per month. The total amount owed by [Beury] on [February 5, 2020,] to today is $53,417. According to [r]espondent, [Beury] paid $1,500 from [February 5, 2020,] to June 2020 for a credit of $27,000 against the $53,417. Respondent also testified [Beury] paid $250 monthly from June 2022 to today for a credit of $6,000 resulting in a total credit of $23,000. [Beury] owes an outstanding arrears of $20,417 payable at the rate of $250 per month until paid in full. Court adopts the [April 14, 2022] order from Judge Pippins and finds that [Beury] does not have the ability to pay more than $250 per month."

On appeal, Beury contends the family court: (1) refused to consider proof of certain payments he made in 2018; (2) ignored the evidence he presented and accepted Olson's representations; and (3) declined to act as a court of equity and apply the law so as to calculate the total payments fully and fairly. He requests that this court "terminate the garnishment." We affirm.

DISCUSSION

2

We resolve this appeal by relying on general appellate rules of practice and procedure. Each brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) "If a party fails to support an argument with the necessary citations to the record, the argument will be deemed waived." (*LA Investments, LLC v. Spix* (2022) 75 Cal.App.5th 1044, 1061; accord, *In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

Any ambiguity in the record is resolved in favor of the judgment. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608.) On appeal, this court starts with a presumption that the judgment or order being appealed is correct; the burden is on the appellant to affirmatively show error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [" 'All intendments and presumptions are indulged to support [the judgment or order] on matters as to which the record is silent, and error must be affirmatively shown' "].)

As the appellant, Beury is further obligated to demonstrate not only error in the rulings he challenges, but how the error prejudiced him. (See *Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800-802; *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 105-106 ["[O]ur duty to examine the entire cause arises when and only when the appellant has fulfilled his duty to tender a proper prejudice argument. Because of the need to consider the particulars of the given case, rather than the type of error, the appellant bears the duty of spelling out in his brief exactly how the error caused a miscarriage of justice"]; *Vaughn v. Jonas* (1948) 31 Cal.2d 586, 601 ["[t]o presume in favor of error or prejudice would be directly contrary to the policy of this state"].) Further, an appellate court is "not required to examine undeveloped claims or to supply arguments for the litigants." (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.) "Nor is an appellate court

required to consider alleged error where the appellant merely complains of it without pertinent argument." (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.)

In demonstrating error, an appellant must provide an adequate record. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295; *LNSU #1, LLC v. Alta Del Mar Coastal Collection Community Association* (2023) 94 Cal.App.5th 1050, 1070.) " 'We cannot presume error from an incomplete record.' " (*Reales Investment, LLC v. Johnson* (2020) 55 Cal.App.5th 463, 468.) Appellants typically provide a reporter's transcript of oral proceedings on appeal, but if they do not or cannot, they may submit an agreed or settled statement. (Cal. Rules of Court, rules 8.134 & 8.137; see *Leslie v. Roe* (1974) 41 Cal.App.3d 104.) While a reporter's transcript "may not be necessary if the appeal involves legal issues requiring de novo review," when a case involves review for substantial evidence or abuse of discretion, "a reporter's transcript or an agreed or settled statement of the proceedings will be indispensable." (*Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483.) And an appellant bears the burden to provide such a record if he or she " ' "intends to raise any issue that requires consideration of the oral proceedings in the superior court . . . ." ' " (*Ibid.*; *Sanowicz v. Bacal* (2015) 234 Cal.App.4th 1027, 1034, fn. 5, citing Cal. Rules of Court, rule 8.120(b).) These "rules apply to a party appearing in propria persona as to any other party." (*Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 205.)

Here, the appellate record does not include a reporter's transcript, which is indispensable for our review. Without it, we cannot verify Beury's

claim that insufficient evidence supports the court's factual findings.[1]  Beury also challenges the court's credibility finding, arguing that his former spouse "has engaged in a seven-year odyssey of nondisclosure and lying about her income."  Again, on this record, we cannot evaluate that claim or the court's basis for denying Beury's motion, which specifically alleged Olson committed fraud or perjury.

Even putting aside the inadequacy of the appellate record, "[a]s the trier of fact in this case, the trial judge was the exclusive judge of the credibility of the evidence."  (*In re Marriage of Falcone & Fyke* (2012) 203

---

[1]	Beury specifically claims:  "The court rejected the proof and instead accepted the untrue statements of the respondent.  There are many inaccuracies.  The court stated, 'The total amount owed by petitioner on [February 5, 2020] to date is $53,417.' . . .  The court did not state the date from which alimony began, rather he chose an arbitrary date, of February 2000.  Spousal support payments began as of June 1, 2016. . . .  The court instead demanded the total of money paid from February 2020.  Petitioner volunteered the amount paid to date, $71,630, and presented records from the Social Security Administration as proof.  But the court insisted on the February[,] 2020 date.  When petitioner didn't know that figure of [*sic*] the top of his head and asked for time to compute it, the court got angry and denied that request.  The court's figure of support paid from . . . February 2020 is $23,792. . . .  But this is incorrect.  [¶]  But the true figure of the amount owed from of [*sic*] February 2020 to September 2021 is $20,000[.]  The court would not consider payments made prior to February 2020, but was willing to assess the obligation back to June 2016."  (Some capitalization omitted.)
	Beury also points out the court erred in its computation of his total arrears.  Specifically, its order states that amount was initially $53,417, but he paid $27,000.  Then, after his monthly payments were reduced to $250, he paid an additional $6000.  The court added $27,000 and $6,000 and stated Beury's total credit was $23,000.  While that was a mistake (it should be $33,000), the court correctly stated Beury owed a total "outstanding arrears of $20,417."  In sum, Beury's total arrears of $53,417 minus his credits for amounts paid ($27,000 plus $6,000) equals $20,417.  Under the case law cited above, we must presume the correctness of the court's judgment, and we have reconciled the court's computational mistake with its correct total.

5

Cal.App.4th 964, 979.) "The trial court was not required to believe [Beury] and, sitting as trier of fact, had the power and the right to not do so, just as it had the power and right to believe [Olson]. [Citation.] We do not judge credibility on appeal. An adverse factual finding is a poor platform upon which to predicate reversible error." (*In re Marriage of Boswell* (2014) 225 Cal.App.4th 1172, 1175.)

Based on the above principles and Beury's deficient briefing and inadequate record, we are unable to conduct a meaningful review of his assertions of error and must resolve this appeal in favor of the judgment. Beury has forfeited his claims because he has not made cogent arguments assigning error based on the applicable law. The presentation of an appeal is not merely a rehash of arguments unsuccessful at trial, but instead is a careful assertion of *legal* error and resulting prejudice. (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.)

DISPOSITION

The order is affirmed.

O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

RUBIN, J.

6